UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00236

**Christopher Cruz Castilla,**
*Plaintiff,*

v.

**Commissioner, Social Security Administration,**
*Defendant.*

# ORDER

Plaintiff Christopher Cruz Castilla filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision to deny social security benefits. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

On May 27, 2022, the magistrate judge issued a report recommending that the Commissioner's decision be affirmed and the case dismissed with prejudice. Doc. 18. Plaintiff submitted objections on June 10, 2022. Doc. 19. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

Plaintiff argues that the ALJ improperly failed to include accommodations for Sturge Weber syndrome in the residual functional capacity finding despite identifying it as a severe impairment. Plaintiff submits that the ALJ's residual functional capacity finding does not adequately reflect his functional abilities and limitations.

The ALJ identified plaintiff's severe impairments to include Sturge Weber syndrome causing scoliosis and vision impairment, leg venous insufficiency, obesity, petit mal seizures, sleep apnea, headaches, depression, borderline intellectual functioning, and attention deficit hyperactivity disorder. Doc. 14-2, at 15. He then determined that plaintiff retains the residual functional capacity to perform light, unskilled work. *Id.* at 18. The analysis for identifying severe impairments is different than the residual functional capacity analysis.

*Gutierrez v. Barnhart*, 2005 WL 1994289, at 9 (5th Cir. 2005); *see also Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001). To be severe, an impairment need only be more than a slight abnormality with more than a minimal effect on the claimant. *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). The residual functional capacity assessment concerns the claimant's specific capacity for work. *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012).

The record reveals that the ALJ properly considered the medical record, plaintiff's subjective statements concerning his symptoms, and the medical opinions and prior administrative findings. The ALJ pointed to specific evidence in the record showing correctable vision, minimal degenerative changes, improvement with treatment, mental limitations, limited psychological treatment, and a lack of hospitalizations for headaches or seizures. The ALJ specifically considered plaintiff's venous insufficiency, seizures, and borderline intellectual functioning and accommodated them with light work restrictions, restrictions on his exposure to hazards, and unskilled work. The ALJ explained that further restrictions on standing and walking were unwarranted in view of the evidence of full strength, normal walking, and improvement with treatment. The ALJ's residual functional capacity finding is supported by substantial evidence.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections (Doc. 19) and accepts the report's findings and recommendation. Doc. 18. The court affirms the Commissioner's final administrative decision and dismisses this action with prejudice. Any pending motions are as moot.

*So ordered by the court on July 6, 2022.*

_____
J. CAMPBELL BARKER
United States District Judge